IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL ANDREW MATTHIAS, | : | CIVIL ACTION NO. **4:CV-07-1987** |
| Petitioner | : | (Judge McClure) |
| v. | : | (Magistrate Judge Blewitt) |
| THOMAS HOGAN, et al., | : | |
| Respondents | : | |

## **REPORT AND RECOMMENDATION**

**I. Background.**

The Petitioner, Michael Andrew Matthias, a/k/a Abubaka Abdul Haqq, an inmate at the York County Prison ("YCP"), York, Pennsylvania filed, through counsel, this Petition for Writ of Habeas Corpus on October 30, 2007, pursuant to 28 U.S.C. § 2241. (Doc. 1). Petitioner named as Respondents the Warden at YCP, as well as Thomas Decker, Field Office Director of the Bureau of Immigration and Customs Enforcement ("ICE"), Philadelphia District, and Michael Chertoff, Secretary of the Department of Homeland Security ("DHS"). (Doc. 1). We note that Petitioner named as a proper Respondent Warden Hogan at YCP. *See* 28 U.S.C. §§ 2242 and 2243. Petitioner filed a typed 9-page Petition for Writ of Habeas Corpus, with Exhibits (1-3) attached to his Petition. (Doc. 1). Petitioner paid the required filing fee. We ordered service of Petitioner's Habeas Petition on Respondents, and directed Respondents to file their response to it. (Doc. 2).

On December 12, 2007, after being granted an extension of time, the government, on behalf of the Respondents, submitted a Response to Petitioner's Habeas Petition and Exhibits (Exs. 1-5) in support thereof. (Doc. 9). The time period which Petitioner was afforded to file his Traverse has lapsed, and Petitioner did not file one. The instant Habeas Petition is presently ripe for disposition.[1]

Respondents argue that Petitioner has not exhausted his Administrative remedies since he has not appealed the Immigration Judge's ("IJ") October 4, 2007 denial of his request for release on bond to the Board of Immigration Appeals ("BIA"). (Doc. 9, pp. 4-5). Respondents alternatively argue that Petitioner is subject to mandatory detention under §236(c) of the INA, 8 U.S.C. § 1226(c). (*Id*., pp. 6-9). Further, Respondents argue that Petitioner's mandatory detention under §236(c) is Constitutionally permissible based on *Demore v. Kim*, 538 U.S. 510 (2003). (Id., p. 9). As stated, Petitioner has not filed a Traverse to Respondents' Response.

## II. Claims of Habeas Petition.

Since both Respondents's Response (Doc. 9, pp. 2-3) and Petitioner's Habeas Petition (Doc. 1, pp. 2-3) state essentially the same factual and procedural backgrounds, we shall not detail the complete background with respect to Petitioner's present due process claim regarding his continued pre-final removal order detention by ICE. Suffice to say that Petitioner is challenging his continued detention at YCP by ICE, and he states that "this habeas action is brought due to the refusal of bond

---

[1]On February 4, 2008, this Court received a letter from counsel for Petitioner requesting that the decision regarding Petitioner's Habeas Petition be expedited due to the claimed deterioration of Petitioner's physical and mental well-being allegedly caused by his continued detention by ICE. (Doc. 10). We thus now give the instant Habeas Petition, which has only been ripe since about the end of December 2007, expedited consideration.

to Petitioner by the Immigration Judge." (Doc. 1, p. 3).[2]

Both parties agree that on February 19, 1992, Petitioner was convicted in the Court of Common Pleas of Allegheny County ("CCP") of aggravated assault, and that he was sentenced to a term of imprisonment of five (5) to ten (10) years. (Doc. 1, p. 2 and Doc. 9, p. 2). We agree with Respondents that their Ex. 2 shows that the effective date of Petitioner's state sentence was September 5, 1997. (Doc. 9, Ex. 2). Due to Petitioner's stated conviction, ICE commenced removal proceedings against Petitioner by filing a Notice to Appear ("NTA") dated October 11, 2002. (Doc. 1, Ex. 1 and Doc. 9, Ex. 1). The NTA charged Petitioner as being removable from the United States as follows:

> On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:
>
> Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act (Act), as amended, in that, at any time after admission, you have been convicted of an aggravated felony as defined in Section 101(a)(43)(F) of the Act, a crime of violence (as defined in section 16 of Title 18, United States Code, but not including a purely political offense) for which the term of imprisonment ordered is at least one year.
> Section 237(a)(2)(A)(i) of the Immigration and Nationality Act, as amended, in that you have been convicted of a crime involving moral turpitude committed within five years after admission for which a sentence of one year or longer may be imposed.

(Doc. 9, Ex. 1, p. 1).

Respondents' undisputed evidence shows that Petitioner was released from service of his state sentence into ICE custody on August 7, 2007. (Doc. 9, Ex. 4). Petitioner was then detained

---

[2]We note that Respondents' Exhibits (1-5) contain essentially the same factual background as does Petitioner's Petition. (Doc. 1, pp. 2-3).

by ICE at YCP, and he has remained there for about seven (7) months to the present date.

During his pre-final order detention by ICE at YCP, Petitioner requested a change in his custody status by requesting to be released on bond. Petitioner appeared before IJ Durling on October 4, 2007, and requested a change in his custody status, *i.e.* to be released on bond. The IJ issued an Order on this day denying Petitioner's request for a bond pursuant to the mandatory detention provisions of §236(c) of the INA, citing Petitioner's conviction for an aggravated felony. (Doc. 1, Ex. 2). As mentioned, Petitioner filed his Habeas Petition with this Court on October 30, 2007, due to the IJ's October 4, 2007 denial of his request for bond. (Doc. 1, p. 3). As Respondents point out, Petitioner did not exhaust his administrative remedies by appealing to the BIA the IJ's October 4, 2007 Order denying his request for release on bond. (Doc. 9, p. 4). Further, the parties agree that Petitioner's removal proceedings are still pending. Petitioner states as follows:

> Petitioner has entered pleadings in his removal case and has denied removability on the aggravated felony ground, has asserted U.S. citizenship, and has requested and been denied a bond after hearing on the basis that the Immigration Judge lacks jurisdiction to grant a bond under Section 236(c) of the Immigration and Nationality Act, as amended.

(Doc. 1, p. 7, ¶ 32.).

Respondents state in their Response that Petitioner has not yet had an IJ issue a final order of removal in his case. (Doc. 9, p. 9).

Thus, since Petitioner's removal proceedings are pending and he is not the subject of a final order of removal, he is a pre-final order detainee. Respondents state that Petitioner has been scheduled for an individual hearing on March 8, 2008. (Doc. 9, p. 3). Petitioner states that in his pending removal proceedings, he has denied he is removable as an aggravated felon as charged in

the NTA, and he has raised a claim of U.S. citizenship.[3]

As relief, Petitioner requests that this Court direct Respondents to immediately release him from custody on bond. (Doc. 1, p. 9). Further, we accept and incorporate by reference the background as stated in Petitioner's Habeas Petition (Doc. 1) and Respondents' Response (Doc. 9) since they are largely supported by the record as provided by the exhibits of both parties.

In their December 2007 Response (Doc. 9), Respondents request that the instant Habeas Petition be dismissed for failure of Petitioner to have exhausted his administrative remedies regarding the IJ's October 4, 2007 Order denying is request for release on bond. There is no dispute that Petitioner did not appeal the IJ's October 4, 2007 Order denying his request for release on bond to the BIA. (Doc. 9, p. 4). A review of the instant Petition also reveals that Petitioner does not have a final Order of Removal in this case. Rather, he challenges his continued pre-final order detention by ICE, and he seeks his immediate release from custody on bond. (*See* Doc. 1, p. 9). Indeed, Petitioner's challenge to his charged of removability and his removal proceedings from the United States are still pending. Thus, Petitioner does not have a final Removal Order issued against him.

Initially, we agree with Petitioner (Doc. 1, p. 9, ¶ 40.0 that the District Court has jurisdiction under § 2241 to consider his present due process claim and to fashion a remedy if his writ of habeas corpus is granted. *See Madrane v. Hogan*, 2007 WL 3145956, * 12 - * 13 (M.D. Pa.).

---

[3]Neither party indicates the current status of Petitioner's removal proceeding. As stated, both parties agree that Petitioner's removal proceedings are currently pending, and that Petitioner is not the subject of a final order of removal. (*See* Doc. 9, p. 9). It is clear, at the time of filing of this case, that Petitioner has not received a removal order by an IJ.

Basically, in his present Habeas Petition, Petitioner asserts that he requested his release from custody from ICE while his removal proceedings are pending, and that on October 4, 2007, an IJ denied his request, stating that he was subject to the mandatory detention provision of § 236(c) of the INA. At the time of his Petition's filing, Petitioner did not file an appeal of the IJ's October 4, 2007 Order with the BIA. Petitioner contends that his continued detention by ICE and the denial of his request for release on bond violates his substantive due process rights since there was a settled expectation at the time his offense was committed in 1990 that he had the right to be released on bond. Petitioner also contends that he should be released on bond from custody by ICE while his removal proceedings are pending since the mandatory detention provision under § 236(c) of the INA cannot be retroactively applied to his 1992 conviction, which pre-dated the effective date of the IIRIRA (Doc. 1, p. 8).

Petitioner makes clear that he is not challenging any aspect of his pending removal proceedings in his Habeas Petition, and that he is not seeking to prove his claim of U.S. citizenship in this case.

## II. Discussion.

*A. Exhaustion of BOP Administrative Remedies*

Respondents state (Doc. 9, pp. 4-5) that Petitioner has not exhausted his administrative remedies with respect to his present habeas claim and his challenge to ICE's continued detention of him and the IJ's October 4, 2007 Order denying his request for release on bond. Petitioner does not dispute his failure to exhaust, but he states that exhaustion of administrative remedies is not necessary for pre-final order detention habeas relief, and that in his case, exhaustion would be futile

since the BIA has ruled that § 236(c) mandates detention without bond.  (Doc. 1, p. 8).  Petitioner also argues that since his case does not involve the review of a final order of removal, the exhaustion of administrative remedies requirement of 8 U.S.C. § 1252(d)(1) is not applicable to his case.  (Doc. 1p. 8).

Petitioner's Habeas Petition states why he believes exhaustion is not required in his case and why it would be futile.  The record is clear that Petitioner did not appeal the IJ's October 4, 2007 Order denying his request for release on bond, as he could have.  Rather, Petitioner filed his Habeas Petition with this Court on October 30, 2007, seeking this Court to overturn the IJ's Order and direct ICE to release him on bond while his removal proceedings are pending.  We  agree with Respondents (Doc. 9, p. 4) that generally a writ of habeas corpus will not issue if the Petitioner has not exhausted his Administrative remedies.  *See Moscato v. Federal Bureau of Prisons*, 98 F.3d 757 (3d Cir. 1996) (It is well-settled that before a prisoner can bring a habeas petition under  28 U.S.C. § 2241, administrative remedies must be exhausted).[4]  If a prisoner does not exhaust available remedies, the petition should be dismissed.  *Arias v. United States Parole Commission*, 648 F.2d 196, 199 (3d Cir. 1981); *Mayberry v. Pettiford*, 2003 WL 21635306 (5th Cir.); and *Lindsay v. Williamson*, Civil No. 07-808, M.D. Pa., (7-26-07 Memo, J. Caldwell), slip op. p. 4.[5]

---

[4]There is no question that Petitioner filed a request for release on bond with ICE and that on October 4, 2007, the IJ held a hearing and denied this request.  (Doc. 9, Ex. 5).  There is also no dispute that Petitioner now has an individualized hearing scheduled for March 8, 2008. (Doc. 9, p. 3).

[5]In *Colton v. Ashcroft*, 299 F. Supp. 2d 681, 689 (E.D. Ky. 2004), the Court stated as follows:
> Federal prisoners are required to exhaust administrative remedies before filing a habeas corpus petition under 28 U.S.C. § 2241.  *Little v.*

However, based on the Court's recent decision in *Cox v. Monica*, 2007 WL 1804335 (M.D. Pa.), we find that exhaustion is not required in our case, as Petitioner states (Doc. 1, p. 8, ¶ 39.), since he is not appealing a final order of removal. Further, as the *Cox* Court held, even if exhaustion were required, it would be futile in this case, as Petitioner contends. (Doc. 1, p. 8, ¶ 38.). The *Cox* Court stated as follows:

---

> *Hopkins*, 638 F.2d 953, 953-954 (6th Cir. 1981) (per curiam). Only after a federal prisoner seeking § 2241 relief has sought and exhausted administrative remedies pursuant to 28 C.F.R. § 542.10-16 (1997) (and not pursuant to PLRA provisions § 1997e(a)) may the prisoner then seek § 2241 judicial review. *United States v. Oglesby*, 52 Fed.Appx. 712, 714, 2002 WL 31770320 *2 (6th Cir. 2002) (citing *United States v. Wilson*, 503 U.S. 329, 335, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992); *United States v. Cobleigh*, 75 F.3d 242, 251 (6th Cir. 1996)). The exhaustion of administrative remedies procedure required of a § 2241 petitioner is not a statutory (PLRA) requirement, but instead, is a wholly judicially created requirement. *See Wesley v. Lamanna*, 27 Fed. Appx. 438, 2001 WL 14150759 (6th Cir. 2001). The judicially imposed non-statutory exhaustion of Bureau of Prisons administrative remedies for a federal prisoner seeking to bring a 28 U.S.C. § 2241 petition is set out at 28 C.F.R. §§ 542.10 - .16 (1987). Section 542.13(a) demands that an inmate informally present his complaint to the staff, thereby providing them with an opportunity to correct the problem, before filing a request for an administrative remedy (BP-8 ½). If the inmate cannot informally resolve his complaint, then he may file a formal written complaint (BP-9) "within fifteen (15) calendar days of the date on which the basis of the complaint occurred." *See* § 542.13(b). If the inmate is not satisfied with the Warden's response, he may appeal (BP-10) to the Regional Director, and, if not satisfied with the Regional Director's response, the inmate may appeal (BP-11) that decision to the Office of General Counsel. *See* § 542.15.

> Under the immigration laws, exhaustion of administrative remedies is statutorily required only on appeals of final orders of removal, 8 U.S.C. § 1252(d)(1). Exhaustion is not required when a petitioner challenges decisions concerning bond, as is the case here. *Rowe v. Immigration & Naturalization Serv.,* No. Civ. A. 98-11511-GAO, 1999 WL 289362, at * 2 (D.Mass. Apr. 30, 1999); *Pastor-Camarena v. Smith*, 977 F.Supp. 1415, 1417 (W.D. Wash. 1997) (finding no exhaustion requirement in a pre-deportation challenge to bond denial); *Montero v. Cobb*, 937 F.Supp. 88, 91 (D.Mass. 1996) (stating that there is no federal statute that imposes an exhaustion requirement on aliens taken into custody pending their removal).
>
> However, even if the court were to conclude that exhaustion was required, in light of the fact that exhaustion of administrative remedies is considered futile where the administrative body has predetermined the issue before it, *see McCarthy v. Madigan*, 503 U.S. 140, 148, 112 S.Ct. 1081, 117 L.Ed.2d 291 (1992), and all indications are that the BIA has done just that, the court would opt to excuse exhaustion and consider the matter.

2007 WL 1804335, * 3.

Thus, based on *Cox*, we find that Petitioner was not required to exhaust his administrative remedies with respect to his challenge of the IJ's October 4, 2007 Order denying his request for release on bond. We do not find Respondents' citation (Doc. 9, p. 4) to any case involving exhaustion under the PLRA to be controlling.[6] Thus, we shall not recommend that Petitioner's Habeas Petition be dismissed for failure to exhaust his administrative remedies.

---

[6]In *Lindsay, supra,* slip op. pp. 4-5, this Court stated that *Jones v. Bock*, 549 U.S. __, 127 S. Ct. 910 (2007), which held that under the PLRA, failure to exhaust Administrative remedies is an affirmative defense, was not controlling and did not apply to a §2241 habeas corpus proceeding.

*B. Whether Petitioner is subject to Mandatory Detention Under § 236(c) of the INA*

Respondents next contend that, as the IJ stated in his October 4, 2007 Order, Petitioner is subject to mandatory detention under § 236(c) of the INA. While his removal case is still pending, and after being taken into ICE custody on August 7, 2007, Petitioner requested to be released on bond. On October 4, 2007, the IJ held a hearing and denied his request, stating that Petitioner is subject to mandatory detention pursuant to § 236(c) of the INA. Petitioner basically states that § 236(c) of the INA does not apply to him, since his aggravated felony conviction occurred before the effective date of the IIRIRA (*i.e.* his conviction was 1992, and IIRIRA's effective date was October 9, 1998). (Doc. 1, p. 8, ¶ 35.). Petitioner avers that, since his aggravated felony conviction predates IIRIRA, and since at the time his offense was committed in 1990, there was a settled expectation of the right to bond, § 236(c) is being retroactively applied to him and depriving him of his expectation of the right to bond which was in effect when he committed his offense.[7] Thus, Petitioner states as follows:

> Failure to afford the opportunity of bond to Petitioner for an
> aggravated felony conviction which predates the IIRIRA, denies
> him the settled expectation fo bond which he had when his offense
> was committed in 1990, and when he was convicted in 1992, at
> which time he had the settled expectation/right to have a bond set,
> and which has a prohibited retroactive effect in the absence of

---

[7] There is no dispute that the offense date with respect to Petitioner's aggravated felony conviction was July 13, 1990, and that he was sentenced for this offense on February 19, 1992. (Doc. 9, Ex. 3, p. 2). Also, as the *Cox* Court stated, "On October 9, 1998, the TPCR's [Transition Period Custody Rules] expired and INA § 236(c), 8 U.S.C. § 1226(c), became effective, providing for the mandatory detention of certain criminal aliens . . ." 2007 WL 1804335, * 1.

> Congress explicitly providing that expectation/right be taken from Petitioner.

(Doc. 1, p. 8, ¶ 36.).

Since both parties have stated the provisions of § 236(c) of the INA (Doc. 1, p. 6 and Doc. 9, p. 7), and since it was stated in *Cox*, 2007 WL 1804335, * 1, we shall not repeat it herein.

Respondents conclude as follows:

> As an alien in removal proceedings who has been convicted of an offense covered in §§ 237(a)(2)(A)(iii) and who has been released following service of the resulting sentence, Matthias is subject to mandatory detention pursuant to § 236(c)(1)(B) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1226(c)(1)(B).

(Doc. 9, p. 7).

According to the *Cox* case, § 236(c) "does not retroactively apply to aliens who were released from custody prior to its effective date." 2007 WL 1804335, * 5. In *Cox*, the Petitioner was released from criminal custody with respect to the offense which subjected him to removal in January 1998, which was before the effective date of §236(c). 2007 WL 1804335, * 3. The *Cox* Court found that since its Petitioner was released from custody prior to § 236(c) effective date, its Petitioner was not subject to mandatory detention, and he was entitled to an individualized bond hearing. 2007 WL 1804335, * 5.

In our case, the record shows that Petitioner was charged with being removable based on his 1992 Allegheny County conviction for aggravated assault. Petitioner was still serving his state sentence for aggravated assault in 1999, and he was not released from service of his state sentence and placed into ICE custody until August 7, 2007. (Doc. 9, Ex. 3, p. 14 and Ex. 4). We agree with Respondents that based on *Cox*, the date of an alien's release from criminal custody on the conduct

11

subjecting him to removal determines whether §236(c) applies.   (Doc. 9, p. 8).  In our case, it is clear that Petitioner's release from the aggravated assault offense which subjected Petitioner to removal proceedings (Doc. 9, Ex. 1) was well after the effective date of § 236(c) (*i.e.* October 9, 1998).  Thus, based on *Cox*, we find that our Petitioner is subject to mandatory detention under § 236(c) since his release date on his aggravated assault sentence was after the effective date of § 236(c), notwithstanding the fact that his offense was committed in 1990 and he was sentenced for the offense in 1992.  Also, based on *Cox*, the statutory provision of § 236(c) applies to our Petitioner, and he is subject to mandatory detention under it.

Further, we agree with Respondents (Doc. 9, p. 9) that based on *Demore v. Kim*, 538 U.S. 510 (2003), Petitioner's mandatory detention under § 236(c), which has been from August 7, 2007 to the present (about 7 months), is Constitutional.  *See Madrane v. Hogan*, 2007 WL 3145956, * 7 - * 8 (M.D. Pa.).  We agree with Respondents that Petitioner's mandatory detention under § 236(c) has a definite termination point due to the fact that if an IJ issues a final order of removal in Petitioner's case, he will then be detained under § 241 of the INA, and this detention will be governed by *Zadvydas v. Davis*, 533 U.S. 678 (2001).  *See Van v. ICE*, 2007 WL 1703415 (M.D. Pa.).[8] We do not find Petitioner's habeas averment, that he has denied removability in his removal case on the aggravated felony ground and that he has asserted his U.S. citizenship, to distinguish his case from *Demore*, since we find that regardless of Petitioner's defense to the charge of removability, his mandatory detention under § 236(c) still will terminate if and when an IJ issues a final order of

---

[8]It appears from Respondents' Response that Petitioner has not yet had a final order of removal issued by an IJ. (Doc. 9, p. 9).

removal. We find that in our case, Petitioner has been held in pre-final order detention for about seven (7) months, which is temporary confinement and not a lengthy mandatory detention, as in the *Madrane* case. We also note that Respondents represent that Petitioner has an individualized bond hearing scheduled for March 8, 2008. (Doc. 9, p. 3).[9]

We recognize that in *Madrane v. Hogan*, 2007 WL 3145956, where petitioner Madrane was held in pre-final order detention more than three (3) years, the Court found that his continued detention pending the conclusion of his removal proceedings was a due process violation.[10] Petitioner Madrane also had already had his individual hearing, as well as a merits hearing, in his IJ removal proceedings, in which the IJ granted petitioner's waiver of inadmissibility.

Our Petitioner has been in ICE's pre-final order detention only since August 7, 2007, and he has not yet even had his individual hearing, which is scheduled for March 8, 2008. Also, an IJ has not entered any order favorable to our Petitioner in his removal proceedings.

As stated, in *Madrane*, the Petitioner had his merits hearing before an IJ (Durling) in his removal proceedings, and the IJ granted petitioner a waiver of inadmissibility under § 213(h) of the INA and an adjustment of status to lawful permanent resident under § 245 of the INA. ICE then appealed to the BIA the IJ's decision favorable to petitioner issued in the removal case. The appeal

---

[9] Indeed, Petitioner's Petition was filed October 30, 2007, and Respondents' Response was filed December 12, 2007, and while it appears that his removal proceedings are still pending over the past three months, Petitioner undisputedly has an individual hearing scheduled for March 8, 2008. Petitioner can certainly present his claims contained in his counsel's February 4, 2008 letter to the Court that his continued detention is causing him physical and mental deterioration. (Doc. 10).

[10] We note that the *Cox* case was decided after the *Madrane* case.

13

of ICE to the BIA was delayed for several months and was still pending when the *Madrane* Court considered its petitioner's claim that his continued detention while waiting for the appeal process regarding his removal proceedings to conclude violated due process.  The *Madrane* petitioner had already been held in pre-final order detention over three (3) years, and based on the lengthy delay with respect to ICE's appeal of the IJ's decision in the removal case, the Court found that petitioner Madrane faced continued detention as a pre-final removal order alien, for many more months.

In *Madrane*, the government raised essentially the same arguments made in our case, namely, that the petitioner was being held as a pre-final order detainee under § 236(c) of the INA as an alien convicted of an aggravated felony.  2007 WL 3145956, * 3.  In *Madrane*, the government, as in our case, contended that in *Demore*, "the U.S. Supreme Court held that mandatory pre-final order detention under § 236(c) of the INA does not violate any protections guaranteed to aliens under the U.S. Constitution."  *Id*. at * 3.  The *Madrane* Court recognized that in *Demore*, "at least in typical cases, section 236(c) of the INA does not violate due process."  *Id*. * 7.  The *Madrane* Court also recognized "the unqualified mandate that § 236(c) of the INA imposes upon the Attorney General.  The court further recognize[d] that in *Demore*, a bare majority of the Supreme Court upheld the constitutionality of § 236(c) . . ." based on the facts of that case. *Id*. at * 8.  However, the *Madrane* Court stated that "[t]he emphasis in *Demore* on the anticipated limited duration of the detention period is unmistakable, and the Court explicitly anchored its holding by noting a "brief period," *Demore*, 538 U.S. at 513, 523, of "temporary confinement," *id*. at 531.

*Id*. at * 8.

The *Madrane* Court also stated:

> [N]umerous courts that have confronted pre-final order detainees' challenges to their extended confinement have endeavored to apply the general rule announced in *Demore* to the specific facts of the habeas petitions presented to them where pre-final order detainees have been held in custody for one or more years while their removal proceedings wound their way through the administrative and appellate processes. Several courts have found that due process required that aliens subjected to lengthy mandatory detention be given bail hearings or have otherwise ordered their release in lieu of a bail hearing.

*Id*. at * 8.

We do not find that our Petitioner's mandatory detention under S 236(c) has been more than a "brief period" or a "short time," as Petitioner claims it has. (Doc. 1, p. 7, ¶ 31.). As stated, our Petitioner, a pre-final removal order detainee, has been held in ICE custody only since August 7, 2007. While it appears as though our Petitioner has not yet had his merits hearing in his removal proceeding by an IJ (Doc. 9, p. 9), he has an individual hearing set for March 8, 2008, in which he can again request release on bail and present his health issues detailed in his counsel's letter. (Doc. 10).

Thus, based on the specific facts of our case, since Petitioner, a pre-final order detainee, has not been held in ICE custody for one year or more, and since Petitioner has an individual hearing scheduled for March 8, 2008, we do not find that due process requires this Court to release Petitioner on bond, as he requests in his Habeas Corpus Petition, or on release on his own recognizance, as the Court ordered in *Madrane*.

At the undisputed March 8, 2008 individual hearing that ICE has afforded Petitioner, he will have an opportunity to seek reconsideration of his bond request, and Petitioner can set forth his

claim of physical and mental deterioration caused by his continued detention. (*See* Doc. 10).   ICE should thus be given the chance to decide Petitioner's reconsideration bond request and his claim that his continued detention at YCP poses an undue hardship upon his well-being.  We find no due process violation in light of ICE's scheduled March 8, 2008 hearing for Petitioner, which will afford him ample opportunity to reassert his request to be released on bond.  Nor does Petitioner claim that the March 8, 2008 hearing referenced in Respondents' Response will fail to afford him due process.[11]

### III. Recommendation.

Based on the foregoing, it is respectfully recommended that Petitioner's Petition for Writ of Habeas Corpus be denied.


                              s/ Thomas M. Blewitt
                              **THOMAS M. BLEWITT**
                              **United States Magistrate Judge**

**Dated:  March 7, 2008**

---

[11] As stated above, Petitioner did not file a Traverse to the government's Response, and he was given the opportunity to do so.  Petitioner could have addressed Respondents' representations regarding his March 8, 2008 individual hearing and addressed whether this hearing resolves his present due process claim.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL ANDREW MATTHIAS, | : | CIVIL ACTION NO. **4:CV-07-1987** |
| | : | |
| Petitioner | : | (Judge McClure) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| THOMAS HOGAN, et al., | : | |
| | : | |
| Respondents | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **March 7, 2008.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

Any party may object to a magistrate judge's proposed findings,
recommendations or report addressing a motion or matter described in
28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
disposition of a prisoner case or a habeas corpus petition within ten (10)
days after being served with a copy thereof.  Such party shall file
with the clerk of court, and serve on the magistrate judge and all
parties, written objections which shall specifically identify the
portions of the proposed findings, recommendations or report to which
objection is made and the basis for such objections.  The briefing
requirements set forth in Local Rule 72.2 shall apply.  A judge shall
make a *de novo* determination of those portions of the report or
specified proposed findings or recommendations to which objection
is made and may accept, reject, or modify, in whole or in part, the findings
or recommendations made by the magistrate judge.  The judge, however,
need conduct a new hearing only in his or her discretion or where
required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.


                                                  s/ Thomas M. Blewitt
                                                  **THOMAS M. BLEWITT**
                                                  **United States Magistrate Judge**

**Dated: March 7, 2008**